UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

| | |
|---|---|
| JENNIFER CHATTMAN, )<br>    Plaintiff, )<br>v. )<br>ALPHA RECEIVABLES, INC., et al. )<br>    Defendants. ) | Civil Action No.<br>1:09-CV-1525-GET-ECS<br>JURY TRIAL DEMANDED |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**I.     INTRODUCTION**

This entire action arises from Defendants' misrepresentations. Yet, Defendant continues its misrepresentations by asserting that this honorable court lacks subject-matter jurisdiction,[1] when jurisdiction is entirely proper.[2]

Defendant HSBC's own motion evidences that HSBC's actions are pivotal to this case. Namely, HSBC does not dispute that it sold the very non-existent account that is central to Plaintiff's claims. Furthermore, the fact that HSBC is represented by its co-Defendant in this matter evidences how inextricably involved HSBC is with its co-Defendants.

HSBC's actions form the foci of facts for this action. To require a separate

---

[1] The title of Defendant's motion clearly recites "Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction."

[2] Instead of properly moving under 28 USC § 1367(c), Defendant improperly moves under Fed. R. Civ. P. 12(b)(1). In short, Defendant untruthfully certifies that this court lacks subject-matter jurisdiction.

state-court action, when all claims arise out of a common nucleus of operative facts, would be nonsensical.

## II.   RELEVANT FACTS

Plaintiff, Ms. Jennifer Chattman, was sued for a debt that she never owed, on an account that she never had with Defendant, HSBC Card Services Inc. ("HSBC").[3] Despite this, Mr. Stephen C. Basilotto, Executive Vice President of HSBC, executed a Bill of Sale, selling that very non-existent account.[4] In short, Defendants fabricated documents in an effort to collect an alleged debt that Ms. Chattman never owed.[5] The fabricated document by HSBC is central to Plaintiff's case because the non-existent account, which HSBC sold, formed the basis for all of co-Defendants' violations of the federal Fair Debt Collection Practices Act ("FDCPA").

## III.   ARGUMENT

When deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the

---

[3] Complaint, ¶ 25.

[4] Complaint, ¶ 26.

[5] Complaint, ¶ 1.

values of judicial economy, convenience, fairness, and comity.[6]

Here, each of these factors weighs in favor of exercising supplemental jurisdiction.

### A.   *Judicial Economy Dictates that the Court Exercise Supplemental Jurisdiction*

The federal claim at issue is the Fair Debt Collection Practices Act ("FDCPA"), codified in 15 USC § 1692, *et seq*. The pivotal fact upon which Plaintiff's FDCPA claim is predicated is the very document that was fabricated by Defendant, HSBC. Indeed, in the absence of this HSBC-fabricated document, there would have been no collections action against Ms. Chattman, and consequently no violation of the FDCPA by any of HSBC's co-Defendants.

The fabrication of this document, which forms the basis of the FDCPA claim is the very same act upon which the state-law fraud claims are based. The fabrication and sale of this non-existent account is a central fact in both the FDCPA claim and the fraud claim.

This court exercises jurisdiction over HSBC's co-Defendants, since both co-Defendants are accused of direct violations of the federal FDCPA (*i.e.*, there exists a federal claim against both of HSBC's co-Defendants). Hence, this court will

---

[6] *City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 173 (1997).

necessarily decide the fraud claim against HSBC's co-Defendants.

Since the fraud claim against HSBC's co-Defendants is identical to the fraud claim against HSBC, judicial economy dictates that this court exercise supplemental jurisdiction against HSBC.

### B. *Convenience Dictates that the Court Exercise Supplemental Jurisdiction*

As noted above, all of the claims against HSBC's co-Defendants will be heard by this court. Ms. Chattman's fraud claim against HSBC's co-Defendants directly arises from HSBC's fabricated document. As such, the evidence and arguments against HSBC's co-Defendants will be identical to the evidence and arguments against HSBC. In short, there is no added burden on this court to adjudicate the fraud claim against HSBC, since this court will necessarily adjudicate the same fraud claim against HSBC's co-Defendants.

Since the state-law claims against HSBC are identical to the state-law claims against HSBC's co-Defendants, convenience dictates that this court exercise supplemental jurisdiction over HSBC.

### C. *Fairness Dictates that the Court Exercise Supplemental Jurisdiction*

HSBC fabricated the very document that forms the basis for both the federal-law claim and the state-law claim. In other words, HSBC's malfeasance is

seminal to this case. To release HSBC from this action and to require Ms. Chattman to pursue two separate-yet-identical actions, one in state court and one in federal court, is unfair. In short, dismissing HSBC results in rewarding the wrong-doer and punishing Ms. Chattman.

Since HSBC is the wrong-doer, and since all of the operative facts in the fraud claim are substantially identical to all of the operative facts in the FDCPA claim, fairness dictates that this honorable court exercise supplemental jurisdiction against HSBC.

### D.     *Comity Dictates that the Court Exercise Supplemental Jurisdiction*

As discussed above, Ms. Chattman pursues the same fraud claim against HSBC as she does against HSBC's co-Defendants. Comity dictates that this honorable court exercise supplemental jurisdiction to hear the entire matter, rather than forcing the state court to hear the identical matter. To do otherwise would be to require the state court to unnecessarily expend its judicial resources.

## IV.    CONCLUSION

All of the state-law claims will necessarily be adjudicated with reference to HSBC's co-Defendants. It makes no sense to require Ms. Chattman to bring two separate actions, one against HSBC and one against HSBC's co-Defendants,

especially when this court will hear the exact same evidence and decide the exact same issues against HSBC's co-Defendants.

For at least these reasons, Ms. Chattman respectfully requests this honorable court to DENY Defendant's Motion to Dismiss.

[SIGNATURE TO FOLLOW]

Respectfully submitted on August 10, 2009.

/s/Daniel E. DeWoskin
Daniel E. DeWoskin
Attorney for Defendant
Georgia Bar No. 220327

DeWoskin Law Firm, LLC
14 Lenox Pointe, NE
Atlanta, Georgia 30324
(404) 869-3565

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
### Atlanta Division

| | |
|---|---|
| JENNIFER CHATTMAN,                ) | |
|      Plaintiff,                               ) | Civil Action No. |
| v.                                                ) | 1:09-CV-1525-GET-ECS |
| ALPHA RECEIVABLES, INC., et al. ) | JURY TRIAL DEMANDED |
|      Defendants.                          ) | |

## CERTIFICATION OF COMPLIANCE WITH LR 7.1D

The undersigned counsel for Plaintiff hereby certifies that the within and foregoing Brief complies with the font, point and spacing limitations of Local Rule 5.1C.

[SIGNATURE TO FOLLOW]

Respectfully submitted on August 10, 2009.

/s/Daniel E. DeWoskin
Daniel E. DeWoskin
Attorney for Defendant
Georgia Bar No. 220327

DeWoskin Law Firm, LLC
14 Lenox Pointe, NE
Atlanta, Georgia 30324
(404) 869-3565

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### Atlanta Division

| | |
|---|---|
| JENNIFER CHATTMAN, ) | |
| Plaintiff, ) | Civil Action No. |
| v. ) | 1:09-CV-1525-GET-ECS |
| ALPHA RECEIVABLES, INC., et al. ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed electronically the foregoing

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS with

the Clerk of the Court by using the CM/ECF system, which will automatically send

email notification of such filing electronically to the following attorneys of record:

**James T. Freaney**
**Frederick J. Hanna & Associates, P.C.**
**1427 Roswell Road**
**Marietta, Georgia 30062**

[SIGNATURE TO FOLLOW]

Respectfully submitted on August 10, 2009.

/s/Daniel E. DeWoskin
Daniel E. DeWoskin
Attorney for Defendant
Georgia Bar No. 220327

DeWoskin Law Firm, LLC
14 Lenox Pointe, NE
Atlanta, Georgia 30324
(404) 869-3565