UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

| | |
|---|---|
| JENNIFER CHATTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| ALPHA RECEIVABLES, INC. ) | 1:09-cv-1525-GET-ECS |
| FREDERICK J. HANNA & ) | JURY TRIAL DEMANDED |
| ASSOCIATES, P.C. ) | |
| HSBC CARD SERVICES (III) INC. ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S AMENDED COMPLAINT

### STATEMENT OF THE CASE

1. Defendants, Alpha Receivables, Inc. ("Alpha"), Frederick J. Hanna & Associates, P.C. ("Hanna"), and HSBC Card Services (III) Inc. ("HSBC), have fabricated documents in an effort to collect an alleged debt that Plaintiff, Jennifer Chattman ("Ms. Chattman"), has never owed to any of the Defendants.

2. Despite being informed that Ms. Chattman never had an account with HSBC, Alpha and Hanna continued to press forward with a lawsuit in DeKalb County.

3. The filing of a lawsuit on an account that never existed with HSBC constitutes a violation of the Fair Debt Collection Practices Act ("FDCPA"), codified in 15 USC § 1692, *et seq*.

4. Fabricating papers on which to base the lawsuit constitutes fraud.

**PARTIES**

5. Plaintiff incorporates by reference all of the above-recited paragraphs as if they were expressly set forth herein.

6. Plaintiff, Ms. Jennifer Chattman ("Ms. Chattman"), is an individual living at:

> **JENNIFER CHATTMAN**
> **600 GARSON DRIVE NE**
> **APARTMENT 3108**
> **ATLANTA, GA 30324-3377**

7. Defendant, Frederick J. Hanna & Associates, P.C. ("Hanna"), is a Georgia professional corporation having its principal place of business at:

> **FREDERICK J. HANNA & ASSOCIATES, P.C.**
> **1427 ROSWELL ROAD**
> **MARIETTA, GA 30062**

8. Hanna was properly served through its registered agent at:

> **FREDERICK J. HANNA**
> **REGISTERED AGENT FOR: FREDERICK J. HANNA & ASSOCIATES, P.C.**
> **1427 ROSWELL ROAD**
> **MARIETTA, GA 30062**

9. Defendant, Alpha Receivables, Inc. ("Alpha"), is a Georgia corporation having its principal place of business at:

**ALPHA RECEIVABLES, INC.**
**1427 ROSWELL ROAD**
**MARIETTA, GA 30062**

10. Alpha was properly served through its registered agent at:

**FREDERICK J. HANNA**
**REGISTERED AGENT FOR: ALPHA RECEIVABLES, INC.**
**1427 ROSWELL ROAD**
**MARIETTA, GA 30062**

11. HSBC Card Services (III) Inc. ("HSBC") is a Delaware corporation having its principal place of business at:

**HSBC CARD SERVICES INC.**
**26525 N. RIVERWOODS BLVD**
**METTAWA, IL 60070**

12. HSBC was properly served in Georgia through its registered agent at:

**C T CORPORATION SYSTEM**
**REGISTERED AGENT FOR: HSBC CARD SERVICES INC.**
**1201 PEACHTREE STREET NE**
**ATLANTA, GA 30361**

**SUBJECT-MATTER JURISDICTION**

13. Plaintiff incorporates by reference all of the above-recited paragraphs as if they were expressly set forth herein.

14. This action arises, in part, under 15 USC § 1692, *et seq.*, the Fair Debt

Collection Practices Act ("FDCPA") and 18 USC § 1341, the federal Civil RICO statute.

15. As such, this honorable court has subject-matter jurisdiction pursuant to 28 USC § 1331.

16. This action also sounds in fraud, which arises out of a common nucleus of operative facts as those that form the basis for the FDCPA claim.

17. As such, this honorable court has supplemental jurisdiction pursuant to 28 USC § 1367.

**PERSONAL JURISDICTION AND VENUE**

18. Plaintiff incorporates by reference all of the above-recited paragraphs as if they were expressly set forth herein.

19. Ms. Chattman is a resident of Georgia and also the Plaintiff in this action.

20. Insofar as Ms. Chattman has filed this action, she has consented to personal jurisdiction and venue in this honorable court.

21. Alpha is a Georgia corporation doing business in the Northern District of Georgia and, as such, is subject to personal jurisdiction and venue in this honorable court under 28 USC § 1391.

22. Hanna is a Georgia professional corporation doing business in the

Northern District of Georgia and, as such, is subject to personal jurisdiction and venue in this honorable court under 28 USC § 1391.

23. HSBC is a Delaware corporation that is registered to conduct business in Georgia and, as such, is subject to personal jurisdiction and venue in this honorable court under 28 USC § 1391.

**FACTS**

24. Plaintiff incorporates by reference all of the above-recited paragraphs as if they were expressly set forth herein.

25. Ms. Chattman has never had an account with HSBC Card Services Inc. ("HSBC").

26. Despite this, Mr. Stephen C. Basilotto, Executive Vice President of HSBC, executed a Bill of Sale, which assigned to CACH, LLC ("CACH"), a debt that Ms. Chattman allegedly owed to HSBC.

27. The Bill of Sale from HSBC to CACH is attached hereto as Exhibit A.

28. William Bolt, the authorized signatory for CACH, then assigned the alleged debt from CACH to Worldwide Assett Purchasing, LLC ("Worldwide") under another Bill of Sale.

29. The Bill of Sale from CACH to Worldwide is attached hereto as Exhibit B.

30. Through yet another Bill of Sale, Mr. Richard K. Lundeberg, the Executive Vice President for Worldwide, then assigned the alleged debt from Worldwide to West Asset Management ("West").

31. The Bill of Sale from Worldwide to West is attached hereto as Exhibit C.

32. Mr. David Roak, the Executive Vice President of West, then assigned the alleged debt from West to Defendant, Alpha, through yet another Bill of Sale.

33. The Bill of Sale from West to Alpha is attached hereto as Exhibit D.

34. Alpha then prepared a Statement of Accounts, alleging that it was the assignee of HSBC, and that Ms. Chattman owed to Alpha a past-due amount of $1,504.99.

35. The Statement of Accounts is attached hereto as Exhibit E.

36. Attaching all of these bills of sales (Exhibits A through D) and the Statement of Accounts (Exhibit E) to a Complaint, Alpha, through its counsel, Hanna, filed a Suit on Account in the State Court of DeKalb County, Georgia, on May 6, 2008 ("DeKalb Action").

37. The Complaint, for Civil Action File Number 08-A-87534-5, filed by Alpha is attached hereto as Exhibit F.

38. In her Answer, Ms. Chattman denied that she had an account with HSBC.

39. Also, upon discovering Defendants' fraudulent documents, Ms. Chattman filed counterclaims against Alpha on June 12, 2008, for violations of the federal Fair Debt Collection Practices Act and the Georgia Fair Business Practices Act ("FBPA," codified in OCGA § 10-1-390, *et seq.*).

40. Despite this, Defendants pressed forward with the lawsuit against Ms. Chattman by serving on Ms. Chattman a host of discovery requests on September 10, 2008.

41. Even as of December 4, 2008, Defendants pressed forward with the lawsuit against Ms. Chattman.

42. Alpha's supplemental response to Ms. Chattman's requests for discovery, still bearing the caption that Alpha is the assignee for HSBC, is attached hereto as Exhibit G.

43. Having been caught with fabricated documents for a debt that never existed, Defendants voluntarily dismissed their pending lawsuit in DeKalb County.

**COUNT I: FAIR DEBT COLLECTION PRACTICES ACT**

44. Plaintiff incorporates by reference all of the above-recited paragraphs as if they were expressly set forth herein.

45. Ms. Chattman is a "consumer" as that term is defined in 15 USC § 1692a(3).

46. Ms. Chattman is a natural person allegedly obligated to pay a debt.

47. Alpha, acting through Hanna, sued Ms. Chattman for an alleged "debt," as that word is defined 15 USC § 1692a(5).

48. Alpha is a "debt collector" as that term is defined by 15 USC § 1692a(6).

49. Hanna is a "debt collector" as that term is defined by 15 USC § 1692a(6).

50. Alpha uses the United States mail in the regular collection of debts.

51. Hanna uses the United States mail in the regular collection of debts.

52. The Statement of Accounts, Exhibit E, was created by Alpha or Hanna or both.

53. Alpha's Statement of Accounts represents that Alpha is the assignee for Household Bank.

54. The entity "Household Bank" does not exist.

55. Alpha's Statement of Accounts recites that Ms. Chattman allegedly owes $1,504.99 to Alpha, as an assignee to Household Bank.

56. Ms. Chattman does not owe any amounts to Household Bank.

57. Ms. Chattman does not owe any amounts to HSBC.

58. As such, Alpha's statement, reciting that Ms. Chattman owes any amounts to Household Bank or HSBC, is false.

59. Insofar as Alpha filed a lawsuit against Ms. Chattman to collect on this alleged debt, all of Alpha's statements in the DeKalb Action were knowingly and intentionally made.

60. The knowing and intentional misrepresentations by Alpha and Hanna are violations of the FDCPA.

61. Alpha and Hanna continued to pursue collection of the alleged debt, despite knowing that Ms. Chattman owed no money to either Household Bank or HSBC.

62. The continued advancement of the DeKalb Action is a violation of 15 USC § 1692d.

63. Ms. Chattman has been harmed by Defendants' attempts to collect on this alleged debt.

64. Ms. Chattman is therefore entitled to actual damages, statutory damages, and attorneys fees under 15 USC 1692k.

**COUNT II: FRAUD - OCGA § 51-6-1,** *et seq.*

65. Plaintiff incorporates by reference all of the above-recited paragraphs as if they were expressly set forth herein.

66. Ms. Chattman never had an account with HSBC.

67. Alpha and Hanna have stated that a Bill of Sale (Exhibit A) by HSBC

gives Alpha and Hanna the right to collect on Ms. Chattman's alleged account with HSBC.

68. Mr. Stephen C. Basilotto, the Executive Vice President of HSBC, executed the Bill of Sale, thereby conveying Ms. Chattman's alleged debt.

69. Mr. Basilotto executed the Bill of Sale, fully knowing that Ms. Chattman did not have any account with HSBC.

70. Ms. Chattman has been harmed by HSBC's assignment of an account that never existed.

71. Insofar as HSBC executed the Bill of Sale for an account that never existed, HSBC has committed fraud.

72. Alpha and Hanna have asserted that HSBC's Bill of Sale assigns to them Ms. Chattman's account with HSBC.

73. Alpha and Hanna made such assertions fully knowing that Ms. Chattman never had an account with HSBC.

74. Ms. Chattman has been harmed by Alpha and Hanna's false statements.

75. Insofar as Alpha and Hanna have attempted to collect on an account that never existed, Alpha and Hanna have committed fraud.

76. Ms. Chattman is entitled to recover for actual damages caused by Defendants' fraud.

## COUNT III: FAIR BUSINESS PRACTICES ACT - OCGA § 10-1-390, *et seq*.

77. Plaintiff incorporates by reference all of the above-recited paragraphs as if they were expressly set forth herein.

78. Alpha and Hanna have filed an action, as assignee to HSBC, to collect an alleged debt that Ms. Chattman does not owe.

79. Ms. Chattman has been harmed by Defendants' attempts to collect on this alleged debt.

80. Ms. Chattman is therefore entitled to recover her actual damages, treble damages, and attorneys fees under OCGA § 10-1-390, *et seq*.

## COUNT IV: ATTORNEYS FEES - OCGA § 13-6-11

81. Plaintiff incorporates by reference all of the above-recited paragraphs as if they were expressly set forth herein.

82. Defendants' actions were taken in bad faith.

83. Defendants' continued advancement of the DeKalb Action was stubbornly litigious.

84. Defendants' actions have caused Ms. Chattman unnecessary trouble and expense.

85. As such, Ms. Chattman is entitled to recover all of her expenses of

litigation.

## COUNT V: PUNITIVE DAMAGES - OCGA § 51-12-5.1

86.   Plaintiff incorporates by reference all of the above-recited paragraphs as if they were expressly set forth herein.

87.   Defendants fabricated documents for an account that never existed.

88.   Those fabricated documents served as a basis for a lawsuit to collect on an alleged debt that never existed with HSBC.

89.   Defendants fabricated the documents with the specific intent to cause harm to Ms. Chattman.

90.   Insofar as Defendants acted with the specific intent to harm Ms. Chattman, there is no limit to the punitive damages.

91.   Ms. Chattman was harmed by Defendants' actions.

92.   Therefore, Ms. Chattman is entitled to recover punitive damages in an amount sufficient to deter and punish Defendants for their actions.

## COUNT VI: CIVIL RACKETEERING AND CORRUPT ORGANIZATIONS

93.   Plaintiff incorporates by reference all of the above-recited paragraphs as if they were expressly set forth herein.

94.   Alpha and Hanna knowingly caused to be delivered by mail

fraudulent documents for the purpose of obtaining money by false or fraudulent purposes in violation of 18 U.S.C. § 1341.

95. Alpha and Hanna are enterprises as defined in 18 U.S.C. § 1961.

96. Alpha and Hanna's misconduct and scheme were in violation of 18 U.S.C. § 1341.

97. Alpha and Hanna's misconduct took place as part of a pattern of racketeering activity.

98. As a result of Alpha and Hanna's conduct in violation of the Racketeering Influenced and Corrupt Organizations Act, Plaintiff was injured.

99. Pursuant to 18 U.S.C. § 1964(c), Ms. Chattman is entitled to recover treble damages against Defendants for their actions.

WHEREFORE, Plaintiff asks the Court to enter a judgment in favor of Plaintiff, Ms. Jennifer Chattman, and against Defendants, as follows:

A. Declaring that Defendants are liable for violating the federal FDCPA;

B. Declaring that Defendants are liable for violating the Georgia FBPA;

C. Declaring that Defendants are liable for committing fraud;

D. Declaring that Defendants are liable for violating the federal Civil RICO laws;

E. Declaring that Defendants acted with specific intent to harm Plaintiff;

F. Awarding Plaintiff for actual damages suffered, which may be proven at trial;

G. Awarding Plaintiff statutory damages, as set forth in the FDCPA;

H. Awarding Plaintiff treble damages, as set forth in 18 U.S.C. § 1964;

I. Awarding Plaintiff her costs and attorneys fees in this matter;

J. Awarding Plaintiff punitive damages in an amount sufficient to deter and punish Defendants; and

K. Awarding such other relief as may be just and proper.

[SIGNATURE TO FOLLOW]

This 24th day of September, 2009.

/s/ *Daniel Eliot DeWoskin*

Daniel Eliot DeWoskin, Esq.
Georgia Bar No. 220327
14 Lenox Pointe, NE
Atlanta, GA 30324
(404) 869-3565


DeWoskin Law Firm, LLC
14 Lenox Pointe, NE
Atlanta, Georgia 30324
(404) 869-3565

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

| | |
|---|---|
| JENNIFER CHATTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 1:09-CV-1525-GET-ECS |
| ALPHA RECEIVABLES, INC. ) | |
| FREDERICK J. HANNA & ) | JURY TRIAL DEMANDED |
| ASSOCIATES, P.C. ) | |
| HSBC CARD SERVICES (III) INC. ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served a true and correct copy of the

**PLAINTIFF'S AMENDED COMPLAINT** upon the following counsel of record

via U.S. Mail to:


Scot Groghan, Esq.
Frederick J. Hanna & Associates, P.C.
Attorney for Defendants Alpha Receivables, Inc. and Frederick J. Hanna &
Associates, P.C.
1427 Roswell Road
Marietta, Georgia 30062


James Freaney
Frederick J. Hanna & Associates, P.C.
Attorney for Defendant HSBC
1427 Roswell Road
Marietta, Georgia 30062

Respectfully submitted this 24th day of September, 2009.

**Counsel for Plaintiff:**

 /s/ *Daniel Eliot DeWoskin*

Daniel Eliot DeWoskin, Esq.
Georgia Bar No. 220327
14 Lenox Pointe, NE
Atlanta, GA 30324
(404) 869-3565

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

| | |
|---|---|
| JENNIFER CHATTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 1:09-CV-1525-GET-ECS |
| ALPHA RECEIVABLES, INC. ) | |
| FREDERICK J. HANNA & ) | JURY TRIAL DEMANDED |
| ASSOCIATES, P.C. ) | |
| HSBC CARD SERVICES (III) INC. ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1 (D), counsel hereby files with the Court this Certificate of Compliance. Plaintiff's Amended Complaint was composed with Times New Roman 14-point font.

Respectfully submitted this 24th day of September, 2009.

**Counsel for Plaintiff:**


/s/ *Daniel Eliot DeWoskin*

Daniel Eliot DeWoskin, Esq.
Georgia Bar No. 220327
14 Lenox Pointe, NE
Atlanta, GA 30324
(404) 869-3565