## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JENNIFER CHATTMAN ) | |
| ) | |
| Plaintiffs ) | CIVIL ACTION |
| ) | FILE NO. |
| vs. ) | |
| ) | |
| ALPHA RECEIVABLES, INC., ) | |
| FREDERICK J. HANNA & ASSOCIATES, P.C., ) | 1:09-CV-1525-GET-ECS |
| and HSBC CARD SERVICES (III) INC. ) | |
| ) | |
| Defendant ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANTS' COUNSEL WITH BRIEF IN SUPPORT

COME NOW Alpha Receivables, Inc., Frederick J. Hanna & Associates, P.C., and HSBC Card Services (III) Inc. and in response to Plaintiff's motion to disqualify Defendants' counsel shows the Court the following:

### ARGUMENT AND CITATION OF LAW

Plaintiff cites Rule 3.7 of the Georgia Rules of Professional Conduct, claiming it requires disqualification of various attorneys - the majority of whom are **not** counsel for Defendants in this case - on the grounds that "the material witnesses' testimony relates to the very issues that are contested". Notably, Plaintiff does not set forth what facts she expects to prove by the "material witnesses' testimony", nor does she state as to which issues such facts will be relevant.

Although she cites a rule of professional conduct, Plaintiff does not cite to even <u>one</u> judicial opinion in which this Rule has been applied in the manner sought by Plaintiff. There is in fact a surfeit of Georgia cases addressing the issue of disqualification. In general, "courts have shown considerable reluctance to disqualify attorneys despite misgivings about an attorney's conduct. . . . (t)his reluctance probably derives from the fact that disqualification has an immediate adverse effect on the client by separating him from counsel of his choice, and that disqualification motions are often interposed for tactical reasons. And even when made in the best of faith, such motions inevitably cause delay." <u>Reese v. Georgia Power Co.</u>, 191 Ga.App. 125, 127, 381 S.E.2d 110, 112 (1989) (citations and punctuation omitted.) With respect to the issue of whether an attorney must be disqualified on the grounds that he may be called as a witness in a case, the Georgia court of appeals has held that the "right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution. In determining whether to disqualify counsel, the trial court should consider the particular facts of the case, balancing the need to ensure ethical conduct on the part of lawyers against the litigant's right to freely chosen counsel." <u>Martinez v. Housing Authority of DeKalb County</u>, 264 Ga.App. 282, 287, 590 S.E.2d 245, 250 (2003) (internal quotation marks and footnote omitted).

The case of Clough v. Richelo, 274 Ga.App. 129, 616 S.E.2d 888 (2005) is instructive. In that case, the appellant sued the appellee for legal malpractice. Appellee moved to disqualify appellant's counsel on the grounds that counsel was likely to be a material witness in the case due to the attorney's involvement in prior dealings between appellant and appellee. The trial court granted the motion and disqualified the attorney, but the court of appeals reversed, holding that appellee had not shown that there was any disputed material fact that could only be proved with the attorney's testimony. The Court found that there was undisputed evidence on some factual issues, and that other facts could be proved by the record in the case which gave rise to the appellant's claim for legal malpractice against appellee. The Court held that "[a]t this point, [appellee]'s claim that he needs [the lawyer]'s testimony to support his defense is based upon his mere speculation as to what that testimony might entail and is insufficient to serve as a basis to automatically disqualify" the opposing counsel.  274 Ga.App. at 136, 616 S.E.2d at 894. The court went on to observe in a footnote that if it held otherwise, "any party could successfully move to disqualify an opposing attorney by simply averring that the opposing attorney might possess information that is damaging to the attorney's client's case and, therefore, that the attorney is likely to be a necessary witness in the moving party's case. To approve of such a tactic would be opening the door to blatant misuse of a rule that already has great potential for abuse." Ibid.

The "potential for abuse" which the Georgia appellate court identified in <u>Clough</u> has come to fruition here. The closest Defendant comes to stating any factual basis for her allegations is that she contends that "these material witnesses have affixed their respective signatures to one or more of the documents that form the basis for Plaintiff's claims". Plaintiff does not identify what documents were signed by the alleged witnesses, how the documents form the basis for her claims, or which attorney signed which document. If, as seems likely, such documents were filed in the State Court lawsuit which (per Plaintiff's Complaint) gave rise to Plaintiff's claims in this action, they would be public record and certified copies thereof would be self-authenticating under Federal Rule of Evidence 902(4) and would be exempt from a hearsay objection under Federal Rule 803(8). As the documents would then be prima facie admissible in evidence, only the <u>Defendants</u> would be in a position to challenge the authenticity of the witnesses' signature on the documents, a seemingly remote possibility. Regardless, there has to this point been no effort by Plaintiff to attempt to establish, through requests for admission or stipulation of the parties, the content of the referenced documents or the witnesses' signatures thereon. The Court should, at a minimum, require the Plaintiff to make a showing that such matters will be in some way contested at trial before it considers the drastic measure of disqualifying counsel.

Finally, Plaintiff's motion is at best premature. Rule 3.7 states that an attorney "shall not act as advocate <u>at a trial</u> in which the lawyer is likely to be a necessary witness." (Emphasis supplied). This case is still in the discovery period and will not be due for a pre-trial conference until March 12, 2010, or the entry of the Court's ruling on any motions for summary judgment, which Defendants do anticipate filing. Furthermore, Defendant HSBC Card Services (III) Inc. has a motion to dismiss it from the case on jurisdictional grounds, which motion is still under consideration by the Court. In <u>Clough v. Richelo</u>, the Georgia Court of Appeals reviewed the ABA commentary regarding Model Rule 3.7 and interpretive decisions from other jurisdictions and held that "Rule 3.7 does not preclude a lawyer from representing a client <u>prior</u> to trial, even if the lawyer is likely to be a necessary witness <u>at</u> the trial." 274 Ga.App. at 138, 616 S.E.2d 888 at 896 (emphasis supplied.) Accordingly, the Court should deny Plaintiff's motion without prejudice to her re-filing it if she is able to identify material facts which will be contested at trial, concerning which evidence cannot be obtained other than through the testimony of Defendants' counsel of record herein.

## **CONCLUSION**

For the foregoing cause shown, Defendants request that Plaintiff's motion be denied.

Respectfully submitted this 30th day of October 2009.

        /s/James T. Freaney
        State Bar No. 274902
        Attorney for Defendant HSBC Card Services III, Inc.

1427 Roswell Road
Marietta, Georgia 30062
Telephone: (770) 988-9055
Telecopier: (770) 980-0528
freaney.james@hannalawoffice.com


        /s/ Scot W. Groghan
        State Bar No. 142250
        Attorney for Defendants Alpha Receivables, Inc. and
        Frederick J. Hanna & Associates, P.C.:

1427 Roswell Road
Marietta, Georgia 30062
Telephone: (770) 988-9055
Telecopier: (770) 980-0528
groghan.scot@hannalawoffice.com

## **CERTIFICATION OF COMPLIANCE WITH LR 7.1D**

The undersigned counsel for Defendant hereby certifies that the within and foregoing Brief complies with the font, point and spacing limitations of Local Rule 5.1C.

This 30th day of October 2009.

/s/James T. Freaney
State Bar No. 274902
Attorney for Defendant HSBC Card Services III, Inc.

1427 Roswell Road
Marietta, Georgia 30062
Telephone: (770) 988-9055
Telecopier: (770) 980-0528
freaney.james@hannalawoffice.com


/s/ Scot W. Groghan
State Bar No. 142250
Attorney for Defendants Alpha Receivables, Inc. and
Frederick J. Hanna & Associates, P.C.:

1427 Roswell Road
Marietta, Georgia 30062
Telephone: (770) 988-9055
Telecopier: (770) 980-0528
groghan.scot@hannalawoffice.com

## **CERTIFICATE OF SERVICE**

    This is to certify that I have this day filed electronically the foregoing RESPONSE TO MOTION WITH BRIEF IN SUPPORT with the Clerk of the Court by using the CM/ECF system which will automatically send email notification of such filing electronically to the following attorneys of record:

Daniel Eliot DeWoskin
DeWoskin Law Firm, LLC
14 Lenox Pointe, NE
Atlanta , GA 30324

Scot W. Grogan
1427 Roswell Road
Marietta, Georgia 30062

This 30th day of October 2009.

                              <u>/s/James T. Freaney</u>
                              State Bar No. 274902
                              Attorney for Defendant HSBC Card Services III, Inc.

1427 Roswell Road
Marietta, Georgia 30062
Telephone: (770) 988-9055
Telecopier: (770) 980-0528
freaney.james@hannalawoffice.com